UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**GLYNON T. BURNETT,**

   **Plaintiff,**

v.                 Case No: 5:14-cv-73-Oc-18GJK

**COMMISSIONER OF SOCIAL SECURITY,**

   **Defendant.**

## REPORT AND RECOMMENDATION

Glynon T. Burnett (the "Claimant"), appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for disability insurance benefits ("DIB"). Doc. No. 1.[1] Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) not assigning Dr. Robert Williams' opinions substantial weight; and 2) finding his testimony concerning his pain and limitations not credible. Doc. No. 21 at 29-36. For the reasons that follow, it is **RECOMMENDED** that the Court **AFFIRM** the Commissioner's final decision.

**I. THE ALJ'S FIVE-STEP DISABILITY EVALUATION PROCESS.**

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). In *Doughty v. Apfel*, 245 F.3d 1274 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe

---

[1] On August 13, 2010, Claimant filed an application for a period of disability and DIB, alleging disability beginning on February 5, 2009. R. 194-95. Claimant last met the insured status requirements of the Social Security Act on March 31, 2014. R. 79.

> impairment or combination of impairments.  At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience.  If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work.  At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. at 1278 (citations omitted).  The steps are followed in order.  If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

## II.  **STANDARD OF REVIEW**.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine reasonableness of

factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (the court also must consider evidence detracting from evidence on which Commissioner relied).  The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"  *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

**III.   ANALYSIS.**

**A.  Dr. Williams.**

Claimant baldly argues that the ALJ erred by not assigning Dr. Williams' – Claimant's treating physician - opinions substantial weight.  Doc. No. 21 at 29-32.[2]  Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability.  In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.  *Id*. at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d

---

[2] This argument is conclusory in nature as it only sets forth a general argument, but does not provide any meaningful support with pinpoint citations to the factual record or relevant legal authority.  Doc. No. 21 at 29-32.  Such conclusory arguments are generally deemed to be waived, and thus may be properly rejected on the basis of waiver.  *See, e.g.*, *Ehrisman v. Astrue*, 377 F. App'x 917, 920 (11th Cir. 2010) (finding that claimant waived an argument challenging the ALJ's decision at step five of the sequential evaluation process because claimant "offer[ed] no discussion of this point other than a conclusory statement with no supporting legal authority[.]") (citing *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004)); *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.").  Here, Claimant fails to address the specific reasons the ALJ articulated for giving Dr. Williams' opinions less than substantial weight.  Doc. No. 21 at 29-32; R. 84.  Rather than exercising the Court's discretion to deem this argument waived, in this instance the Court elects to evaluate whether the reasons stated by the ALJ are supported by substantial evidence.

278, 279 (11th Cir. 1987)). "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

Absent good cause, the opinion of a treating physician must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."

*Johnson v. Barnhart*, 138 F. App'x 266, 269 (11th Cir. 2005) (quoting *Phillips*, 357 F.3d at 1240-41). Thus, good cause exists to give a treating physician's opinion less than substantial weight when the opinion is not bolstered by the evidence, evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records.

Dr. Williams treated Claimant on numerous occasions between April 2, 2008 and March 15, 2011. R. 551-606, 623-26. Accordingly, Dr. Williams qualifies as a treating physician. *See* 20 C.F.R. § 404.1502 (defining a treating physician as the claimant's "own physician, psychologist, or other acceptable medical source who provides [the claimant], or has provided [the claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]").

On December 29, 2011, Dr. Williams completed a "Physical Residual Functional Capacity Questionnaire" (the "Assessment"). R. 643-46. Dr. Williams opined that Claimant can sit in one place for thirty (30) minutes before needing to reposition, and sit for no more than two (2) hours in an eight (8) hour workday. R. 644-45. Dr. Williams opined that Claimant can stand in one place for ten (10) minutes before needing to reposition, and stand/walk for less than two (2) hours

in an eight (8) hour workday. *Id*. Dr. Williams opined that Claimant can only perform jobs that permit him to shift positions, and take unscheduled breaks every two (2) hours during an eight (8) hour workday. R. 645. Dr. Williams opined that Claimant can frequently lift ten (10) pounds, occasionally lift twenty (20) pounds, and rarely lift fifty (50) pounds. *Id*. Dr. Williams opined that Claimant can occasionally twist, rarely stoop or climb stairs, and never crouch or climb ladders. R. 646. Dr. Williams opined that Claimant has manipulative limitations that affect his ability to finger, handle, and reach. *Id*.[3]

At step two of the sequential evaluation process, the ALJ found that Claimant suffers from the following severe impairments: degenerative disc disease of the cervical, thoracic, and lumbar spines; degenerative joint disease of the knees; insulin-dependent diabetes mellitus; hypertension; obstructive sleep apnea; and obesity. R. 79. At step four of the sequential evaluation process, the ALJ determined that Claimant has a RFC to perform "light work" with the following additional limitations:

> The claimant can lift or carry 20 pounds occasionally and 10 pounds frequently, stand or walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. Additionally, the claimant should avoid concentrated exposure to hazards such as machinery and heights.

---

[3] Dr. Williams also opined that Claimant suffers from depression and anxiety, which, in turn, affect his physical condition, his ability to concentrate, and render him incapable of performing "low stress" jobs. R. 644. Claimant's arguments concerning Dr. Williams, however, focus on limitations caused by his physical impairments, as opposed to any mental impairments. Doc. No. 21 at 32, 34-35. To the extent Claimant argues that the ALJ erred in considering his mental impairments, the undersigned finds that argument unavailing. The ALJ's opinion reveals that she considered Dr. Williams' opinions, as well as Plaintiff's testimony concerning mental impairments, and found that the medical record does not demonstrate that Plaintiff suffers any limitations due to mental impairments. R. 83-86 (citing R. 413, 484, 556-58, 572, 596, 626, 654). Indeed, Dr. Williams never diagnosed Claimant with depression or anxiety. R. 551-606, 623-626. Accordingly, the undersigned finds that the ALJ's decision to not include any of the mental limitations identified in Dr. Williams' Assessment in her RFC determination was supported by good cause and substantial evidence.

R. 81.[4]  In reaching this RFC, the ALJ considered, among other things, Dr. Williams' Assessment, stating the following:

> In December 2011, a medical source statement completed by Dr. Williams indicated that the claimant was unable to perform sustained work . . . .  However, this opinion is not accorded controlling weight because opinions on the issues of whether the claimant is "disabled" or "unable to work" are reserved to the Commissioner because they are administrative findings that are dispositive of the case . . . .  Moreover, this vocational opinion is inconsistent with Dr. Williams' own treatment notes and examination records.  In addition, this vocational opinion is inconsistent with the evidence as a whole (as set forth below).

R. 84. Accordingly, the ALJ assigned Dr. Williams' Assessment less than substantial weight because it is inconsistent with Dr. Williams' treatment notes and Claimant's medical record as a whole. *Id*.

The ALJ articulated good cause to assign Dr. Williams' Assessment less than substantial weight.  The ALJ identified various treatment notes from Dr. Williams containing examination findings that are inconsistent with his Assessment.  R. 85-86.  For example, the ALJ identified several treatments notes from Dr. Williams indicating that Claimant had, among other unremarkable examination results, no neurological deficits, normal range of motion in his upper and lower extremities, and 5/5 strength in his upper and lower extremities.  R. 85 (citing R. 556-58, 572-73, 596, 625-26).  These unremarkable examination findings are largely consistent throughout Dr. Williams' treatment notes, including his last treatment note dated March 4, 2011, and are, on their face, inconsistent with the severe functional limitations described in Dr. Williams'

---

[4] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."  20 C.F.R. § 404.1567(b).

Assessment. R. 551-606, 623-26. Likewise, the ALJ identified other medical records from treating and non-treating sources, which contain findings that are inconsistent with the severe functional limitations described in Dr. Williams' Assessment. R. 85-86 (citing R. 369, 412-13, 423, 482-84, 653-54). For example, the ALJ identified a January 21, 2011 examination report by Dr. Samer Choksi, a one-time examiner, who found that Claimant had "5/5 motor and grip strength, no motor or sensory deficits, no cyanosis, clubbing, or edema of his extremities, and no medical necessity for the use of a cane, despite having positive straight-leg raise tests, decreased ranges of motion of his cervical spine and shoulders, a painful, decreased range of motion of his thoracolumbar spine, and obesity." R. 85 (citing R. 481-85).[5] Claimant does not specifically challenge any of the ALJ's reasons for assigning Dr. Williams' Assessment less than substantial weight. S*ee* Doc. No. 21 at 29-32. Based on the foregoing, the undersigned finds that the ALJ's reasons for assigning less than substantial weight to Dr. Williams' Assessment are supported by substantial evidence, and constitute good cause to assign the Assessment less than significant weight. *E.g.*, *Edwards*, 937 F.2d at 584 n.3 (where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as the finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision). Accordingly, it is **RECOMMENDED** that the Court reject this argument.

B. Credibility.

Claimant maintains that the ALJ violated the pain standard set forth by the Eleventh Circuit Court of Appeals. Doc. No. 21 at 34-35. In the Eleventh Circuit, subjective complaints of pain

---

[5] Dr. Choski ultimately opined that: 1) Claimant's subjective complaints were not consistent with the objective medical findings; 2) Claimant had no complications due to diabetes mellitus; 3) Claimant had no clinical signs of congestive heart failure; 4) Claimant's gait was normal without assistive device; and 5) Claimant's grip strength and fine manipulation were normal. R. 484.

are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be: 1) evidence of an underlying medical condition and either 2) objective medical evidence that confirms the severity of the alleged symptom arising from the condition or 3) evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote*, 67 F.3d at 1561; 20 C.F.R. § 404.1529.[6] Thus, once the pain standard is satisfied, the issue becomes one of credibility.

A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Foote*, 67 F.3d at 1561. "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons

---

[6] Social Security Ruling 96-7p provides: "2. When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.

3. Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.

4. In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." SSR 96-7p, 1996 WL 374186, at *1 (1996).

for doing so." *Id*. at 1561-62; *see also* SSR 96-7p, 1996 WL 374186, at *2 ("It is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'"). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1562. The lack of a sufficiently explicit credibility finding may give grounds for a remand if credibility is critical to the outcome of the case. *Id*.

Claimant maintains that the ALJ should have found his complaints of pain credible based on the following: 1) a March 3, 2009 MRI depicting bulging disks in his cervical, thoracic, and lumbar spines; 2) reconstruction of the ACL in his right knee; and 3) the nature of his other diagnosed impairments. Doc. No. 21 at 35. The mere existence of these impairments, however, does not compel a finding that Claimant's testimony concerning the intensity, persistence, and limiting effects thereof is credible. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) ("[T]he mere existence of . . . impairments does not reveal the extent to which they limit [a claimant's] ability to work or undermine the ALJ's determination in that regard.").

The ALJ followed the pain standard in determining Claimant's credibility. R. 82-84. In doing so, the ALJ considered Claimant's impairments and his testimony concerning the effects of those impairments on his ability to function. *Id*. While the ALJ determined that Claimant's medically determinable impairments could reasonably be expected to cause the symptoms Claimant identified during the hearing, the ALJ ultimately determined that Claimant's testimony concerning the intensity, persistence, and limiting effects of the symptoms he identified was not credible. R. 84. The ALJ provided a detailed discussion of those portions of the medical record and Claimant's testimony on which she relied in reaching her credibility determination. R. 82-

84.[7]  Claimant, though, does not specifically challenge any portion of the ALJ's credibility determination.  *See* Doc. No. 21 at 34-35.[8]  Nevertheless, the undersigned has considered the ALJ's credibility determination and finds that the ALJ did not violate the pain standard, articulated good cause for discrediting Claimant's testimony, and that her credibility determination is supported by substantial evidence.  R. 82-84; *see Foote*, 67 F.3d at 1561-62 (reviewing court will not disturb credibility finding with sufficient evidentiary support).  Accordingly, it is **RECOMMENDED** that the Court reject Claimant's argument.

**IV.  CONCLUSION.**

For the reasons stated above, it is **RECOMMENDED** that the Court:

1. **AFFIRM** the final decision of the Commissioner; and

2. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 24, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[7] For example, the ALJ indicated that Claimant testified that "he was impaired by a stabbing, prickly pain or a spasmodic, pressure-like pain from his neck to his mid-back and lower back . . . with pain exacerbated by sitting or lying down the wrong way."  R. 82.  The ALJ, however, identified various medical records throughout the relevant time period containing unremarkable examination results, which she found to be contradictive of Claimant's characterization of his pain.  R. 82-83.

[8] Again, Claimant has asserted only a conclusory argument and fails to raise specific objections to the ALJ's credibility determination.  Doc. No. 21 at 34-35.  Nevertheless, rather than exercising the Court's discretion to deem this argument waived, in this instance the Court again elects to evaluate whether the ALJ's determination is supported by substantial evidence.

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy